IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELIZABETH CIRVES,

                          Plaintiff,

   v.

DOCTOR SYED, DOCTOR UNKNOWN, NURSE
BRENDA, SERGEANT LURQUIN, LUKE BALDY,       OPINION and ORDER
DANE COUNTY JAIL, HSA BRITTANY, DANE
COUNTY JAIL SHERIFF MAHONEY, NURSE MIKE,        19-cv-725-jdp
NURSE (FEMALE WHO DID ON-SITE EKG),
LIEUTENANT B. HAYES, NURSE MINDY, and
DOCTOR NICOLE LI,

                          Defendants.

---

Pro se plaintiff Elizabeth Cirves was previously incarcerated at the Dane County jail, where she alleges that jail staff failed to give her proper treatment for several medical conditions. Because Cirves is proceeding in forma pauperis, Dkt. 4, and because she was incarcerated when she filed this lawsuit against jail officials, I must screen her complaint under 28 U.S.C. §§ 1915 and 1915A. Cirves's complaint doesn't comply with the Federal Rules of Civil Procedure, so she cannot proceed on any of her claims at this point. I will give her a short time to choose how she wishes to proceed.

ANALYSIS

The main problem with Cirves's complaint is that she is trying to bring different sets of claims against different prison officials, which violates Federal Rules of Civil Procedure 18 and 20 by joining claims together that don't belong in a single lawsuit. Rule 20 allows a plaintiff to join multiple defendants in one lawsuit so long as (1) the claims arise out of the same

transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact applies to all of the defendants in the action. After the plaintiff has properly joined a defendant under Rule 20, she may bring any other claims she has against that defendant under Rule 18, whether or not those claims arise out of the same transaction or occurrence or include a common question of law or fact. But she may not bring unrelated claims against defendants who haven't been properly joined under Rule 20. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In her complaint, Cirves alleges that she has received deficient treatment for four different medical conditions or groups of conditions. Her allegations about each condition concern different actions by a different set of defendants, each of which would require a separate lawsuit. And she challenges the jail's practices regarding "medical segregation," which would also require a separate lawsuit. Her potential lawsuits include:

(1) The treatment she received for palatal myclonial tinnitus. Dkt. 1, at 3–6. Cirves says that jail staff refused to prescribe clonazepam to treat this ailment because they suspected that she would abuse the medication or sell it to other inmates. This lawsuit would include potential claims against:

- Doctor Syed and other unidentified Doe doctors, who refused to prescribe clonazepam.

- Sergeant Lurquin, who investigated her complaint that she wasn't receiving clonazepam.

- Luke Baldy, an employee of the United States Marshal for the Western District of Wisconsin, who told Cirves's attorney that she was lying about her need for the medication.

(2) The treatment she received for superventricular tachycardia. *Id.* at 6–7. Cirves says that this heart condition can cause her blood pressure and heart rate to spike. She says that after one such episode, she was directed to schedule a follow-up visit for surgery, but her request for the follow-up visit was ignored. Cirves also describes a disagreement with jail medical staff about whether a prescription she was given for metoprolol to treat her heart condition was supposed to be taken daily or as needed,

2

but it's unclear whether Cirves means to bring any claims based on this disagreement. This lawsuit would include potential claims against:

- Nurse Mike, who failed to schedule the follow-up visit she requested.

- Doctor Nicole Li, who prescribed duloxetine for Cirves despite the fact that it should not be mixed with metoprolol and ibuprofen.

(3) The treatment she received for degenerative disc disease and arthritis. *Id.* at 9–10. Cirves says clinoryl is more effective to treat these conditions than the ibuprofen that she was given for them. This lawsuit would include potential claims against:

- Nurse Mindy, who Cirves says "constantly remind[s] & frighten[s]" her that ibuprofen may "kill [her] by 'bleed-out' in the stomach." *Id.* at 9.

- Doctor Syed, who refused to prescribe clinoryl for Cirves and who ignored her complaints regarding nodules growing on the bones of her left wrist.

(4) Jail policies and conditions leading her to rapidly gain weight. *Id.* at 10–12. Cirves says that she has a mesh implant that was inserted in her abdomen to repair two hernias. She says that jail policies and conditions didn't allow her to exercise regularly and that the jail didn't provide an adequate low-fat diet, causing her to gain weight and threatening to tear the mesh implant. This lawsuit would include potential claims against:

- Doctor Syed, who placed Cirves on the inadequate low-fat diet.

- Dane County Sheriff David Mahoney, who oversees the jail and whom I infer Cirves seeks to hold responsible for policies affecting her ability to exercise and her dietary options.

(5) The jail's policies and practices concerning medical segregation. *Id.* at 8–9. Cirves says that jail staff place inmates on medical segregation to punish them and to deter them from seeking medical help. She also says that the conditions in medical segregation are unsanitary, although she gives few details, and that inmates on medical segregation are inadequately monitored. This lawsuit would include potential claims against:

- An unidentified Doe nurse, who mistreated Cirves while performing an EKG examination and placed her on medical segregation in retaliation when she complained.

- Nurse Mindy, who suggests medical segregation to inmates that she wishes to deter from seeking further care.

- Lieutenant B. Hayes, who affirmed a grievance that Cirves filed regarding medical segregation and jail conditions, after which nothing was changed.

- Sheriff Mahoney, whom I infer Cirves seeks to hold responsible for the jail's medical segregation policies.

These five sets of potential claims involve different sequences of events and there is only partial overlap among their defendants, so all of the claims cannot be brought in a single lawsuit. To proceed, Cirves must make a decision. She must either (1) choose only one of the five sets of claims to proceed on under this case number; or (2) remove defendants from this lawsuit so that every defendant named in the lawsuit is also included in a single set of claims.

If Cirves decides to choose a single set of claims and chooses to proceed on the first or fourth set of claims, I will treat the portion of her complaint that describes those claims as the operative pleading. I will then screen the claims she has chosen. However, if she chooses to proceed on the second, third, or fifth set of claims, she must submit an amended complaint. The allegations in this complaint regarding those sets of claims are too sparse to give defendants fair notice of Cirves's claims as required by Federal Rule of Civil Procedure 8. If Cirves instead decides to remove defendants from this lawsuit so that every defendant named in the lawsuit is also included in a single set of claims, she will also need to file an amended complaint so that each defendant Cirves names has fair notice of Cirves's claims against him or her.

If Cirves submits an amended complaint, she should write it as if she were telling a story to people who know nothing about the events at issue. Her amended complaint must include enough detail to allow both me and the defendants "to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). In particular, she should explain specifically what each of the named defendants did to violate her rights.

Regardless of which option Cirves chooses, she will have to choose some claims to drop from this lawsuit. If she wishes to pursue those claims, she must raise them in separate lawsuits.

4

If she does not do so, those claims will be dismissed without prejudice and she will be free to bring them at another time so long as she does so before the statute of limitations has run.

Cirves may object if she disagrees with my grouping of her claims into separate lawsuits by explaining why she believes particular claims belong in the same lawsuit, but she still must choose one of the options I have given her to comply with this order. If Cirves fails to respond to this order by the deadline below, I will dismiss this case for her failure to state a claim upon which relief may be granted and assess her a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that plaintiff Elizabeth Cirves may have until November 13, 2020, to inform the court whether she wishes to proceed by removing claims or removing defendants from this lawsuit. If Cirves chooses to file an amended complaint as described in this order, she must do so by November 13, 2020.

Entered October 23, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge