IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ELIZABETH CIRVES,

                Plaintiff,

v.

                OPINION and ORDER

DR. SYED, DR. JANE DOE,
and SERGEANT LURQUIN,

                19-cv-725-jdp

                Defendants.

Pro se plaintiff Elizabeth Cirves was previously incarcerated at the Dane County jail, where she alleges that jail staff refused to provide her with medication to treat her ear condition. I granted Cirves leave to proceed on Fourteenth Amendment claims against defendants Dr. Syed, Sergeant Lurquin, and a Jane Doe doctor. Dkt. 20. I also allowed Cirves to amend her complaint to identify the Jane Doe. Dkt. 33, at 5. Cirves has done so, in an amended complaint, Dkt. 40, and "addendum" to the amended complaint. Dkt. 39. Both documents identify the Jane Doe doctor as Dr. Laura Sukowaty.[1]

But Cirves also attempts to add claims against Sheriff David Mahoney. Cirves argues that she should be allowed to proceed against Mahoney in another document, Dkt. 44, which I will construe to be a motion to amend her complaint under Rule 15.

The court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Cirves says that she only recently discovered that Mahoney is responsible for

---

[1] Cirves misspells Sukowaty's name as "Sukawaty." I take notice of the correct spelling from Sukowaty's notice of appearance, Dkt. 42.

maintaining humane conditions and upholding jail policy. Dkt. 44, at 2. I would accept the amended complaint as timely.

But I must also screen the claims against Mahoney, just as I screened her original claims, pursuant to 28 U.S.C. §§ 1915 and 1915A. The amended complaint itself does not contain any new allegations against Mahoney; it only adds him to the caption. *See* Dkt. 40. But in the addendum, Cirves alleges that Mahoney is charged with "maintaining jail policies" and that when staff "fail to uphold the constitutional rights of inmates," Mahoney is responsible. Dkt. 39. Because Cirves appears pro se, I will consider the addendum to be part of the operative pleading.

To state a constitutional claim against Mahoney under § 1983, Cirves must plead facts showing that Mahoney was "personally responsible for the deprivation of the constitutional right." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 1995). Under this principle, for a supervisor to be liable for a subordinate's actions, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what he might see." *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Cirves hasn't alleged that Mahoney was aware of any risk of injury to Cirves. Cirves alleges that Mahoney is responsible for making sure employees follow jail policy, but she doesn't say that Mahoney knew of or condoned any policy violations. Mahoney will be dismissed from the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Elizabeth Cirves is GRANTED leave to file her amended complaint, Dkt. 40.

2. The caption is AMENDED to include as defendant Dr. Laura Sukowaty.

2

3. Cirves is DENIED leave to proceed on claims against defendant Sheriff David Mahoney. Mahoney will be dismissed from the case.

Entered January 13, 2022.

                                BY THE COURT:

                                /s/

                                _____
                                JAMES D. PETERSON
                                District Judge