IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELIZABETH CIRVES,

                              Plaintiff,

        v.                                                          OPINION and ORDER

                                                                    19-cv-725-jdp

DR. SYED, DR. LAURA SUKOWATY,
and SERGEANT LURQUIN,

                              Defendants.

---

Pro se plaintiff Elizabeth Cirves is proceeding on Fourteenth Amendment claims against staff at the Dane County Jail, alleging that jail doctors and a corrections officer refused to provide her with medication for her ear condition. Two motions are before the court. First, Cirves moves to compel defendants to produce records about their employment history and involvement in other lawsuits. Dkt. 48. Second, Cirves seeks to amend her complaint to add new defendants. Dkt. 49. I will deny both motions.

**A.  Motion to compel**

Cirves asks the court to order defendants Dr. Laura Sukowaty and Dr. Salam Syed to produce (1) their full employment histories, including an explanation for any gaps in employment; and (2) a record of any lawsuits they have been involved with. Dkt. 48.

I will deny her request for two reasons. First, Cirves did not include a certification that she attempted to meet and confer with defendants before seeking a court order, which is required under Federal Rule of Civil Procedure 37(a)(1)(a).

Second, the information Cirves seeks is not relevant to her claims. Cirves says that evidence that defendants have ever been fired or sued for malpractice will prove that they are

bad doctors. Cirves also wants to know if Dr. Syed has been involved in any domestic violence or harassment lawsuits to see if he is biased against women.

None of that evidence is relevant to whether the defendants ignored Cirves's medical needs. Generally, a plaintiff cannot use evidence about the way someone acted in the past to prove that they acted the same way at a different time. *See* Fed. R. Evid. 404(b)(1). So even if Cirves was able to find evidence that defendants had mistreated patients in the past, she could not use that evidence to prove that they later mistreated her ear condition. For the same reason, Cirves could not prove that Syed was biased toward her by showing that he had been biased toward other people in the past. *See* Fed. R. Evid. 404(a)(1). Evidence that defendants were once untruthful could be used to attack their credibility as witnesses if they testify at trial. *See* Fed. R. Evid. 608(b)(1). But Cirves doesn't seek defendants' records for that purpose, and evidence about credibility isn't relevant at this stage in the case.

To win her case, Cirves will need evidence about what the defendants did to her; not evidence about what defendants did to different people at different times.

## B.  Amended complaint

Cirves seeks to amend her complaint to add six additional defendants. Dkt. 49. All of the new defendants are Dane County Jail officers who responded to one of Cirves's grievances about her ear problem.

The court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). But the court need not grant leave "when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

I conclude that amendment would be futile, because Cirves's allegations against these defendants do not state claims for relief. I must screen Cirves's potential new claims, just as I screened her original claims, under 28 U.S.C. §§ 1915 and 1915A. And Cirves's new allegations are too vague to state a claim. She says only that the officers who saw her grievances "had the opportunity" to get her medical care. Cirves does not explain what they did or did not do to prevent her from receiving her medical care.

Cirves also submitted copies of all the grievances she filed and the responses she received. Dkt. 49-2. These copies have more detail about how the officers responded to her grievances. But even if I considered these documents as part of Cirves's pleading, Cirves has not stated claims against the officers. To state a constitutional claim against the officers, Cirves must allege facts showing that the officers unreasonably denied her medical care. *Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). None of the grievance forms suggest that the officers denied Cirves care. All of her grievances received a full response. The officers repeatedly told Cirves that she needed to submit her complaints directly to medical staff, and in some cases the officers forwarded the complaints to medical staff themselves. Cirves's submissions do not show that the officers violated her rights, so she may not add them as defendants in this lawsuit.

ORDER

IT IS ORDERED that:

1.  Plaintiff Elizabeth Cirves's motion to compel, Dkt. 48, is DENIED.

2.  Plaintiff's motion to amend her complaint, Dkt. 49, is DENIED.

Entered March 21, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4